**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| SHADI HASSAN | * |
| | *    COMPLAINT |
| Plaintiff, | * |
| | * |
| v. | * |
| | *    JURY TRIAL DEMANDED |
| PASADENA RECEIVABLES INC. | * |
| | * |
| & | * |
| | * |
| PEROUTKA & PEROUTKA, P.A. | * |
| | * |
| Defendants | * |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here

**PARTIES**

4. Plaintiff is a natural person who resides in Montgomery County, Maryland, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant Pasadena Receivables, Inc. ("PRI") is a purchaser of distressed debt whose principal place of business is located at 8028 Ritchie Highway # 300, Pasadena, MD 21122-0803. PRI is a debt collector as that term is defined by 15 U.S.C. §1692a(6) in that it is a company collecting the debts of another.

6. Defendant Peroutka & Peroutka, P.A. ("P&P") is a law firm that specializes in the collection of debts, and is a debt collector as that term is defined by 15 U.S.C. §1692a(6) in that it is a company collecting a consumer debt allegedly owed by Plaintiff. Its principal place of business is located

at 8028 Ritchie Highway # 300, Pasadena, MD 21122-0803. Both Defendants appear to share common ownership.

**FACTUAL ALLEGATIONS**

7. In March of 2005, Plaintiff obtained a credit card from Credit One Bank ("Credit One"). This was a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. On April 29, 2011, Plaintiff sought protection from his creditors by filing a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Maryland. (Case No. 11-19009)

9. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a debt was listed in favor of "Credit One Bank" for an unsecured obligation in the amount of $616.00. A copy of the filed Schedule F is attached as **Exhibit A**.

10. This information was drawn from Plaintiffs' credit report, and at the time Plaintiff was given no notice that the debt had been sold to any other entity.

11. There were no Objections to Discharge or Adversary Proceedings filed under 11 U.S.C. § 523 to determine the dischargeability of this debt.

12. On August 10, 2011, Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 524. The Plaintiff alleges that this Discharge included the personal liability for the debt owed to Credit One.

13. On or about August 12, 2011, the Clerk of the Bankruptcy Court certified that the Order of Discharge was sent to all scheduled creditors, including Credit One Bank. Credit One was electronically notified by the Court. A copy of the Order and certification are attached as **Exhibit B.**

14. Plaintiff alleges that Defendant PRI purchased the debt previously owed to Credit One when it was in default; therefore Defendant is considered a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15. At some point thereafter, Defendant RPI sent the debt to Defendant P&P for collection from Plaintiff.

16. On or about October 18, 2011, Defendant P&P sent a letter to Plaintiff stating that its client, Defendant PRI, was willing to accept a reduced amount to settle Plaintiff's debt. This letter is attached as **Exhibit C.**

17. On or about October 20, 2011, a representative of Defendant P&P attempted to contact Plaintiff via telephone in order to collect on this discharged debt.

18. Plaintiff's mother answered the phone and Defendant's representative identified himself and his employer and stated that this was an attempt to collect a debt.

19. Defendant's representative then asked to speak to Plaintiff, but Plaintiff's mother told him that Plaintiff did not live there and immediately hung up on him.

20. On or about October 25, 2011, Defendant's representative again called Plaintiff's mother looking to speak to him and again Plaintiff's mother told Defendant that Plaintiff did not live there.

*Respondeat Superior Liability*

21. The acts and omissions of Defendant P&P and its employees who communicated with Plaintiff as more further described herein, were committed within the time and space limits of its agency relationship with its principal, Defendant PRI.

22. The acts and omissions by Defendant P&P were incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant PRI in collecting consumer debts.

23. By committing these acts and omissions against Plaintiff, Defendant P&P was motivated to benefit its principal, Defendant PRI.

24. Defendant PRI is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

**COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. This Court in *Awah v. Donaty*, 2009 U.S. Dist. LEXIS 103077 (D. Md. Nov. 4, 2009) stated that in order for Plaintiff to make a successful claim under the FDCPA, he/she must show that

(1) The plaintiff has been the object of collection activity arising from consumer debt;

(2) The defendant is a debtor collector as defined by the FDCPA; and

(3) The defendant has engaged in an act or omission prohibited by the FDCPA.

27. Here, all elements are present, satisfied, and cannot be disputed.

28. Defendant's attempts to collect on a discharged debt were false statements to the Plaintiffs that they still owed the debt, in direct violation of 15 U.S.C. §§ 1692(e), e(2), and e(10).

29. Additionally, Defendant's communications with Plaintiff's mother constitute violations of 15 U.S.C. §§ 1692b(2) and 1692c(b).

30. Through Defendant's actions the Plaintiff has been severely agitated, annoyed, traumatized, and emotionally damaged by the actions of the Defendant.

31. Plaintiff had filed bankruptcy with the understanding that his personal liability on all debts would be discharged.

32. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of the Plaintiff and caused him unnecessary personal strain in his relationship with his mother.

33. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

a) For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant and for Plaintiff;

c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and

d) For such other and further relief as this Court deems just and proper.

### TRIAL BY JURY

34. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

Respectfully submitted this 31st day of October, 2011;

SHADI HASSAN

By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711

rrowe@rowepllc.com