**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| SHADI HASSAN, et al. | * |
| | * |
| Plaintiff, | * |
| | *   Case No. 8:11-cv-03094-RWT |
| v. | * |
| | * |
| PASADEN RECEIVABLES, INC., et al. | * |
| | * |
| Defendant | * |

**MEMORANDUM IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs hereby submit their Memorandum in Support of their Motion for A Protective Order.

I. INTRODUCTION AND SUMMARY

Apparently attempting to circumvent the protections afforded to non-parties by Rule 45, as well as to harass third, Defendants have noticed for deposition to depose Plaintiff's counsel constitutes an impermissible attempt to gain privileged information, which should not be countenanced by the Court. Quite simply, Defendants have not made any effort to show that there is *any* need for testimony from Plaintiffs' counsel, let alone a *substantial* one. Because Plaintiffs' counsel does not have knowledge relevant to Defendant's allegations or defenses, Defendants' actions appear to be designed only to harass Plaintiffs' counsel and obtain privileged information, thereby requiring Plaintiffs' counsel to seek a protective order.

II. FACTUAL BACKGROUND

On October 31, 2011 and November 2, 2011, Plaintiffs filed their respective Complaints. Each Complaint had one count against Defendants for violation of the Fair Debt Collection Practices Act ("FDCPA"). At the deposition of Plaintiffs on May 24-25, 2012, Defendant's counsel inquired as to how Plaintiff completed his bankruptcy schedules and decide which creditors were to be noticed. Both Plaintiffs testified that this information was pulled from their credit reports. (Hassan Deposition pp 19-20, Sung Deposition p. 26). Defendant's counsel then inquired as to how Plaintiff Sung could verify that notice of his discharge was sent to creditors and to certain Bankruptcy Monitoring Services such as AACER and BANKO. Plaintiff Sung testified that these addresses were listed in the Notice of Order of Discharge that was mailed out by the Bankruptcy Court. (Sung Depo p. 30). Defendant's counsel then

contacted Plaintiff's counsel stating that he intended to depose a representative of Plaintiffs' counsel's firm as to the following areas:

1. Efforts made to determine the accuracy of the information contained in credit reports referenced in the Complaints for both Plaintiffs prior to filing the instant lawsuit.

2. Efforts made to determine Defendants' actual receipt of notice of discharge with respect to each Plaintiff.

3. Efforts made to determine whether notice had been sent to each of the Plaintiffs with respect to Peroutka & Peroutka's representation of the creditors prior to filing the instant lawsuit.

4. Efforts made to notify Peroutka & Peroutka of the discharge of the debts through bankruptcy once Peroutka & Peroutka filed lawsuits involving the Plaintiffs.

5. Efforts made prior to the filing of the instant lawsuit to determine whether Plaintiffs' bankruptcies were reported to bankruptcy services and when the bankruptcies were reported.

On or about June 4, 2012, Defendants' counsel served Plaintiffs' counsel with the formal Notice of Deposition (**Exhibit A**), without an accompanying Subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure.

### III. ARGUMENT

It is a well-established principle that litigation counsel are presumptively entitled to a protective order against being deposed by an adversary.3 To rebut the presumption, the party seeking the deposition must convince the Court of all the following: 1) opposing counsel has information that is relevant and non-privileged, 2) the information sought is crucial to preparation of the case, and 3) no means exist to obtain the information other than to depose opposing counsel. *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986).[1] A protective order is proper if any of the above criteria are lacking.

In *Shelton,* the Eighth Circuit "view[ed] the increasing practice of taking opposing counsel's deposition as a negative development in the area of litigation, and one that should be employed only in limited circumstances." Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. It is not hard to imagine additional pretrial delays to resolve work-product and

---

[1] Though the 4th Circuit is silent as to the adoption of *Shelton,* both the District and Bankruptcy Court in this District have applied *Shelton* to evaluate the necessity of attorney deposition. *See SEC v. SBM Inv. Certificates, Inc.*, Fed. Sec. L. Rep. (CCH) P94,166 (D. Md. Feb. 23, 2007) and *In re Fotso*, 2006 Bankr. LEXIS 4206 (Bankr. D. Md. Nov. 22, 2006).

attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony.

As such, the burden is placed on the party seeking the deposition to demonstrate the propriety and need for the discovery sought. The *Shelton* three-part test protects against the ills of deposing opposing counsel in a pending case where it could potentially lead to the disclosure of the attorney's litigation strategy in that case. In the case at bar, Defendants have not made even one of the required showings, and as such this court should quash the deposition Subpoena of Plaintiffs' counsel and issue a protective order.

1. DEFENDANTS HAVE NOT SHOWN THAT PLAINTIFFS' COUNSEL HAS INFORMATION THAT IS RELEVANT AND NON-PRIVILEGED.

To meet the first condition of the test, Defendants must show that there is some relevant, non-privileged information to be had by taking Plaintiffs' counsel's deposition. Here, Defendants are being sued for their alleged violations of the FDCPA.

Debtors have neither a duty to ensure that a debt collector complies with the statute nor a duty to prevent the latter from making a false statement pursuant to 15 U.S.C. 1692e(2)(a), as the FDCPA is a strict liability statute. A plaintiff need only prove one violation of the FDCPA to trigger liability. *Spencer v. Hendersen-Webb, Inc.*, 81 F. Supp.2d 582, 590-91 (D. Md. 1999). Conduct need not be deliberate, reckless, or even negligent to trigger liability--it need only be false. *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007). The fact that a collector did not know of a Plaintiff's bankruptcy does not affect whether its conduct was a false representation under the Act. *Gamble v. Fradkin & Weber, P.A.*, 2012 U.S. Dist. LEXIS 4410 (D. Md. Jan. 13, 2012)

The only defense to liability is provided in § 1692k(c), which states a debt collector is not liable if a violation is both unintentional and the result of "a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Even if Plaintiff were to concede that Defendants' actions were "unintentional", any allegation that either Plaintiffs or their attorney failed to provide notice of their bankruptcy to Defendants has absolutely no bearing on the latter's reasonable procedures to avoid this particular error – in this case attempting to collect on discharged debt. *Johnson v. Riddle*, 443 F.3d 723, 729 (10th Cir. 2006).

These deposition requests are at best, a fishing expedition, and at worst, an intimidation tactic. The Court should discourage such tactics - allowing the deposition of Plaintiffs' counsel would interfere with the quality of Plaintiff's representation. "[Plaintiff's] counsel should be free to devote his . . . time and efforts to preparing the client's case without fear of being interrogated by his . . . opponent." *Shelton* at 1327. *See also N.F.A. Corp. v. Riverview Narrows, Fabrics, Inc.*, 117 F.R.D. 83,

84-86 (M.D. N.C. 1987); *In re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. 429, 437-439 (E.D. Pa. 1981); *Walker v. United Parcel Services*, 87 F.R.D. 360, 361-62 (E.D. Pa. 1980)

Additionally, the United States Supreme Court recognized in *Hickman v. Taylor*, 329 U.S. 495 (1947), that a lawyer in preparing the client's case assembles information and sifts through what the lawyer considers to be relevant facts in order to prepare the case. This work, which has become known as "work product" is reflected in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and in countless other tangible and intangible ways." *Hickman* at 511. The Court held in *Hickman* that a party may invade that privacy in search of relevant and non-privileged facts **only upon adequate justification**. *Id*. at 512. Here, Defendants have failed to explain the necessity of deposing Plaintiffs' counsel.

2. DEFENDANTS HAVE NOT SHOWN THAT THE INFORMATION SOUGHT IS CRUCIAL TO PREPARATION OF THE CASE.

Even if Defendants could somehow show that whatever information they seek is relevant and non-privileged, they must show that said information is crucial to preparation of their case. Not only is the information sought from Plaintiff's counsel available to Defendants from other sources or protected, it is also not crucial to preparation of Defendant's case. Any credit reports obtained by Plaintiffs' counsel for the Plaintiffs speak for themselves and Plaintiffs presumably had or have the opportunity to depose employees or former employees of the Credit Reporting Agencies about those documents. Defendant's inquiries regarding the reporting of Plaintiffs' discharge are better directed to the Clerk of the Bankruptcy Court as it was the entity that sent out notice of Plaintiffs' discharge to the creditors.

The actions of Plaintiffs' counsel have nothing to do with the claims or defenses relevant to this matter, and to the extent that any documents drafted by Mr. Keenan are deemed relevant, questions regarding those documents can be properly put to Defendant.

3. DEFENDANTS HAVE NOT SHOWN THAT NO OTHER MEANS EXIST TO OBTAIN THE INFORMATION THEY SEEK.

The practice of deposing opposing counsel is so disfavored that the Court should deny a deposition request regarding crucial, relevant, non-privileged information unless no other means exist to obtain the information. "Discovery was hardly intended to enable a learned profession to perform its functions . . . on wits borrowed from the adversary." *Hickman* at 516.

Plaintiff's counsel has offered to provide an affidavit that would address the areas of inquiries stated in the Notice of Deposition, but Defendants' Counsel rejected that offer, simply stating that he would like to go forward with the deposition. Defendants have not fully articulated the relevance of the

information they seek, so Plaintiffs can only speculate that there must be other reason for deposing their legal counsel - an improper reason. Regardless, the burden rests squarely on Defendants to make an evidentiary showing. As previously mentioned, the information that Defendants seek from Plaintiffs' counsel is better sought from the Clerk of the Bankruptcy Court or the Credit Reporting Agencies.

## CONCLUSION

It is clear that Defendants are unable to satisfy any of the three requirements of the *Shelton* test. Additionally, Defendants have failed to serve a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure. Therefore, this Court must issue a protective order and quash Defendants' Notice of Deposition.

Respectfully submitted this 12th day of June, 2012,

/s/ **Robinson S. Rowe**
Robinson S. Rowe, Bar No. 27752
ROWE BARNETT, PLLC
5906 Hubbard Dr.
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
interoffice@rowepllc.com