**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division**

| | | |
|---|---|---|
| AUSTIN HYUN SUNG | * | |
| | * | |
| Plaintiff, | * | |
| | * | 8:11-cv-03094-RWT |
| v. | * | |
| | * | |
| PEROUTKA & PEROUTKA, P.A. | * | |
| | * | |
| Defendant | * | |

**RESPONSE TO DEFENDANT/COUNTER-PLAINTIFFS FIRST SET OF INTERROGATORIES**

COMES NOW Plaintiff, Austin Hyun Sung, and answers the Interrogatories propounded by Defendant Peroutka & Peroutka, P.A., and states as follows:

1) In accordance with the foregoing Instructions with the foregoing Instructions, identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages, and state the subject matter of the information possessed by that person.

**RESPONSE:** My wife. She resides with me at 6355 Gray Sea Way, Columbia, MD, 21045. She can testify to the emotional damages I suffered as a result of Defendant's actions.

2) In accordance with the foregoing Instructions, relate specifically and in detail all expenses and other economic damages, past and future, that you claim are a result of conduct on the part of Defendant/Counter-Plaintiff as alleged in your Complaint.

**RESPONSE:** I suffered emotional damages because I had already undergone the humiliating process of bankruptcy and it seemed to be that it had not accomplished its purpose because I was still being sued for my old debts. I suffered stress related headaches and was in fear that I would have to go to court.
In response took I took painkillers and sleeping pills for insomnia caused by the proceedings I also felt extreme embarrassment when Defendant placed the notice on the door of my business since it was in a public place.
My relationship with my wife was strained as well as I would also argue with her about the effectiveness of the bankruptcy and its inability to give me a fresh start.

3) For each witness identified or to be identified by you in connection with the disclosures required by Fed. R. Civ. P. 26(a)(2)(A), provide in detail, the information required by Fed R. Civ. P. 26(a)(2)(B) and (C).

**RESPONSE:** I do not plan on calling any expert witnesses.

    4)   Identify any persons who have made or given to you and your representative(s) any statement or report, whether oral or reduced to writing or otherwise recorded, relating in any way to this case.

    **RESPONSE:** See response to Interrogatory 1


    5)   For each document responsive to the First Request for Production of Documents propounded on you by Defendant/Counter-Plaintiff or these interrogatories which you cannot produce because it is lost, destroyed, or is otherwise unavailable, describe with particularity the circumstances related to the loss, destruction, or unavailability of the document(s).

    **RESPONSE:** I am unable to locate the Notice placed by Defendant on the door of my business; I do not know what happened to it.


    6) Describe specifically each and every communication, whether written, recorded, or oral, you, or any agent or representative of yours, have had with any officer, employee, agent, representative or former officer, employee, agent, or representative of Peroutka relating to the allegations of your complaint.

    **RESPONSE:**   In September 2011, I received the letter from Defendant stating that I was being sued in regards to a debt previously owed to Capital One that I had included in my bankruptcy. Prior to this letter but subsequent to my discharge, I was getting calls from a restricted number. I believe these calls were from Defendant since I had not incurred any debt after the bankruptcy and no other creditor had attempted to contact me.


    7) State all steps you took to confirm the owner of the Debt for inclusion in the Bankruptcy Proceeding.

    **RESPONSE:** I pulled a credit report right before filing stating that I owed a debt to Capital One. I was receiving collection calls from Capital One prior to the bankruptcy and on occasion during the bankruptcy.

    I would argue with the callers from Capital One, asking why they were assessing me interest and basically doubling what I actually owed, in contrast to the information that was on my credit report.


    8) Identify the dates and places of treatment and all physicians, psychologists, psychiatrists, social workers, or other health care providers who treated you for any conditions, diseases, infirmities, injuries, or emotional distress you claim were caused by or exacerbated by the actions of Peroutka.

    **RESPONSE:** I did not seek any medical treatment for the emotional distress caused by Defendant's illegal behavior.


    9) Identify any and all health care providers from whom you have sought treatment for the previous five years.

    **RESPONSE:** Dr. Kwang Lee. His office is located at 9380 Baltimore National Pike, Suite # 114, Ellicott City, MD 21042. His phone number is 410-531-5135.

10) Identify any and all health care providers from whom you have ever sought treatment for any emotional, mental, psychic, or similar condition or malady.

**RESPONSE:** I have never sought medical treatment for any emotional, mental, or other similar condition.

11) In accordance with the foregoing Instructions, identify all persons and/or entities, other than Peroutka, who communicated or attempted to communicate with you regarding any debt that you claim was included in the Bankruptcy Proceeding following your May 17, 2011 initiation of such Bankruptcy Proceeding.

**RESPONSE:** See response to Interrogatory 7.

12) In accordance with the foregoing Instructions, please identify any declarations against interest you allege were made by the Defendant/Counter-Plaintiff.

**RESPONSE:** None

13) In accordance with the foregoing Instructions, for each document responsive to the First Request for Production of Documents propounded on you by Defendant/Counter-Plaintiff or identified in response to these Interrogatories which you are declining to produces or respond to on grounds of privilege, immunity, relevancy , or burdensomeness, or other objection against the production or response, please identify the document, thing, or Interrogatory and state the precise nature of the claim as to privilege, immunity, relevancy, burdensomeness, or other objection against production or response

**RESPONSE:** None

14) In accordance with the foregoing Instructions, please relate specifically and in detail the facts you allege support any defense to the Counterclaim filed by Defendant/Counter-Plaintiff.

**RESPONSE:** I had been receiving statements from Capital One up until the filing of my bankruptcy and I continued to get calls directly from them. I was not notified that the debt had been sent to Defendant until after I received my discharge.

I had no idea Defendant was even involved with this debt until after I received their letter stating that they were suing me for the debt owed to Capital One. I alerted my attorney to this attempt to collect on a discharge debt because I was worried about having to attend a court hearing. At that point my attorney apprised me that Defendant's action was illegal and then this lawsuit was brought for the stress they had improperly caused.

Respectfully submitted this 19th day of March, 2012

AUSTIN HYUN SUNG

By:
**/s/ Robinson S. Rowe**
Robinson S. Rowe, Bar No. 27752
ROWE BARNETT, PLLC
5906 Hubbard Dr.
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
interoffice@rowepllc.com

I, _Austin Sung_, SOLEMNLY AFFIRM under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge.

_Austin Sung_
Printed Name

_[signature]_
Signature