**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

| | | |
|---|---|---|
| **SHADI HASSAN** | * | |
| **Plaintiff** | * | |
| **v.** | * | **CASE NO. 1:11-cv-03094-RWT** |
| **PASADENA RECEIVABLES INC., et al.** | * | |
| **Defendants** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT PEROUTKA & PEROUTKA, P.A.'S
## ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Peroutka & Peroutka, P.A. ("Peroutka" or "Defendant"), by counsel, and pursuant to the Federal Rules of Civil Procedure, answers Plaintiff Austin Hyun Sung's First Set of Interrogatories.

## I.   INTRODUCTION

The following Answers are made without waiver of and with preservation of:

1.      All questions as to competency, relevancy, materiality, privilege, and admissibility of each document and the subject matter thereof as evidence for any purpose in any further proceedings in this action, including trial of this action, and in any other action;

2.      The right to object on any ground to the use of any document or the subject matter thereof in any further proceedings in this action, including the trial of this action, and in any other action;

3.      The right to object on any ground at any time to a demand or a request for further response to these or any other request or other discovery proceeding involving or relating to the subject matter of the interrogatories herein responded to; and

4.     The right at any time to revise, correct, add to, supplement, or clarify any of the Answers contained herein.

The following Answers (and any further Answers to these Interrogatories or their subject matter) are made expressly without acknowledgment of the materiality or relevancy of the discovery requests, or that the requests are in any way reasonably calculated to lead to the discovery of admissible evidence. These Answers are limited to properly discoverable information relevant to the allegations set forth in Plaintiff's Complaint. The word usage and sentence structure include input from Defendant's legal counsel and do not purport to be the exact language nor drawn from the personal knowledge of the person signing these Answers.

## II.    GENERAL OBJECTIONS

1.     Insofar as these Interrogatories seek information outside of the purview of Defendant's corporate knowledge, Defendant objects to them as irrelevant, not likely to lead to the discovery of relevant information, and as unduly burdensome. *See James v. Newspaper Agency Corp.*, 591 F.2d 579, 582 (10th Cir. 1979); *Joslin Dry Goods Co. v. EEOC*, 483 F.2d 178, 183-84 (10th Cir. 1973); *EEOC v. Packard Elec. Div., General Motors Corp.*, 569 F.2d 315, 318 (5th Cir. 1978); *Grigsby v. North Mississippi Medical Center Inc.*, 586 F.2d 457, 460 (5th Cir. 1978); *Marshall v. Westinghouse Electric Corp.*, 576 F.2d 588, 592 (5th Cir. 1978); *Lee v. Executive Airlines, Inc.*, 78 Fair Empl. Prac. Cas. (BNA) 443 (S.D.Fla. 1998); *White v. Money Store*, 74 Fair Empl. Prac. Cas. (BNA) 597 (N.D.Ill. 1997); *Jackson v. Montgomery Ward & Co.*, 74 Fair Empl. Prac. Cas. (BNA) 529 (D.Nev. 1997); *West v. Davidson Chemical Div. of W. R. Grace*, No. M-82-1191 (D. Md. 1984); *Hardick v. Legal Services Corp.*, 96 F.R.D. 617, 618-19 (D.D.C. 1983); *Prouty v. Nat'l R.R. Passenger Corp.*, 99 F.R.D. 457, 460 (D.D.C. 1983); *Nat'l Org. of Women v. Sperry Rand Corp.*, 88 F.R.D. 272, 278, n.8 (D. Conn. 1980); *Goeth v. Gulf*

2

*Oil Corp.*, 19 FEP 1710, 1711 (S.D. Tex. 1979); *McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53, 62 (E.D. Pa. 1979). Specifically, to the extent these Interrogatories seek information from any corporate entity other than Defendant, Defendant objects.

2.     Defendant objects to each Interrogatory to the extent that such Interrogatory seeks confidential, privileged or proprietary information, and/or the disclosure of attorney work product.

3.     Defendant objects generally to Plaintiff's Interrogatories as it violates Federal Rule of Civil Procedure 33, which limits the number of interrogatories to 25. The parts and subparts of Plaintiff's Interrogatories amount to more than 25.

4.     These Answers are provided notwithstanding the above objections, in the spirit of discovery. In particular, the parts and subparts of the following Interrogatories go well beyond the limit of 25 provided by Rule 33. In providing these Answers, Defendant does so expressly conditioned on Plaintiff's acceptance of the fact that Defendant does not waive any objections articulated above under General Objections, or in the objections stated in answer to the following individual interrogatories, which objections Defendant reserves the right to raise at any point in these proceedings. With respect to the objection related to numerosity, Defendant emphasizes that it reserves the right to raise that objection and/or withdraw these answers in their entirety if and to the extent that Plaintiff seeks supplemental answers to those provided herein.

5.     Most of these Interrogatories seek information that is well beyond anything alleged by Plaintiff in this case. All that Plaintiff has alleged as violations of the FDCPA are that Plaintiff, in providing creditor information to the bankruptcy court, provided the wrong address for the Capital One, a creditor, and Defendant, in the course of representing Capital One,

3

attempted to collect a debt after it was discharged in bankruptcy.  Despite the narrow focus of the

allegations, the discovery requested is extremely broad and beyond anything remotely related to

the allegations, seeking information related to every case filed on behalf of every client in

collections matters.  For instance, Interrogatory No. 4 seeks the training given to all employees in

connection with collection activities; Nos. 5, 7, and 8 seek systems information for Defendant's

entire law practice.  These and similar Interrogatories are, therefore, overbroad, irrelevant, and

unduly burdensome.

### III.   ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1**:  State the name, title or position, address, and telephone
number of each individual person, officer, employee, agent, or other entity answering or
providing any information used by Defendants to answer any Interrogatory.

**ANSWER**:  Shawn Kennedy, Collections Manager for Peroutka & Peroutka, P.A.  The

information used to answer this interrogatory was collected from the law firm, either its

information systems or at my direction from individuals employed by the firm.

**INTERROGATORY NO. 2**:  Identify each document referred to or consulted by
Defendants in the preparation of the Answers to these Interrogatories and discovery requests
made within this entire document.

**ANSWER**:  Defendant objects that this Interrogatory is grammatically undecipherable.

Documents responsive to Plaintiff's document requests will be made available for inspection and

copying in compliance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 3**:  State the name, title or position, address, and telephone
number of each individual person known to Defendants to have personal knowledge of any facts
or issues involved in this lawsuit.

**ANSWER**:    Shawn Kennedy, Collections Manager; Kris Ruckelshaus, Systems

Director; Jordan Kennedy, Collector; Erika Zephir, Collector; Elizabeth Boyd, Legal Support

4

Representative; Dianna Nescio, Legal Support Representative; Craig Kennedy, Litigation

Director; Justin Bates, Collector; Kelly Meyers, Legal Support Representative; Elizabeth Guido,

Accounting Representative; Cristina Nescio, Litigation Support Representative; Karen Serafin,

Accounting Manager; Ann Marie Gannon, Litigation Support Representative; Scott Whiteman,

Attorney.

**INTERROGATORY NO. 4**:  Identify and describe with particularity all training that
Defendant provides or receives, in the area of debt collection activities, including but not limited
to: a. The training content, timing, and duration; b. All documents and audio or visual materials
used in such training; and c. Each person involved in providing such training.

**ANSWER**:  Defendant objects that this Interrogatory seeks information protected by the

attorney client privilege and the work product doctrine.  Defendant further objects that this

Interrogatory seeks information that is irrelevant to the allegations leveled by Plaintiff in this

case, and which is extremely confidential and proprietary.  Defendant further objects to the

extent this Interrogatory seeks information beyond that involved directly in the alleged attempt to

collect debt(s) owed by Plaintiff as irrelevant and overly broad.

**INTERROGATORY NO. 5**:  Identify and describe all documents, manuals,
instructions, checklists, memorandum, restrictions or other documentation or instructions that
Defendants are given, read, review, or otherwise use, regarding the collection of debts.

**ANSWER**:  Defendant objects that this Interrogatory seeks information protected by the

attorney client privilege and the work product doctrine.  Defendant further objects that this

Interrogatory seeks information that is irrelevant to the allegations leveled by Plaintiff in this

case, and which is extremely confidential and proprietary.  Defendant further objects to the

extent this Interrogatory seeks information beyond that involved directly in the alleged attempt to

collect debt(s) owed by Plaintiff as irrelevant and overly broad.

**INTERROGATORY NO. 6**: Identify and describe Defendants' disciplinary policy/policies for violating state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind.

**ANSWER**:   To the extent that the described policies exist, they will be provided with Defendant's documents responsive to Plaintiff's document requests.

**INTERROGATORY NO. 7**:  Identify and describe any and all documents that describe, record, or establish Defendants' methods and techniques used to collect debts.

**ANSWER**:   Defendant objects that this Interrogatory seeks information protected by the attorney client privilege and the work product doctrine.  Defendant further objects that this Interrogatory seeks information that is irrelevant to the allegations leveled by Plaintiff in this case, and which is extremely confidential and proprietary.  Defendant further objects to the extent this Interrogatory seeks information beyond that involved directly in the alleged attempt to collect debt(s) owed by Plaintiff as irrelevant and overly broad.  Defendant also objects that the terms "methods" and "techniques" are so broad and amorphous, with no special significance, as to make meaningful interpretation and response impossible.

**INTERROGATORY NO. 8**:  Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that Defendants use, maintain, or operate to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties in connection with the collection of accounts, and Defendants' policies and procedures for operating such a system of records.

**ANSWER**:   Defendant objects that this Interrogatory seeks information protected by the attorney client privilege and the work product doctrine.  Defendant further objects that this Interrogatory seeks information that is irrelevant to the allegations leveled by Plaintiff in this case, and which is extremely confidential and proprietary.  Defendant further objects to the extent this Interrogatory seeks information beyond that involved directly in the alleged attempt to collect debt(s) owed by Plaintiff as irrelevant and overly broad.

**INTERROGATORY NO. 9**: In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the debt allegedly owed by Plaintiff was referred, placed or otherwise assigned to the Defendant for collection, identifying all documents relevant to, related to, or reflecting such referral, placement or assignment.

**ANSWER**:  The client placed the account for collection on 3/14/11.  The account was electronically placed.

**INTERROGATORY NO. 10**:  Identify and describe each document known to Defendant, which is related to or contains information about the debt being collected from Plaintiff.

**ANSWER**:  Defendant objects that this Interrogatory seeks information protected by the attorney client privilege and the work product doctrine.  Defendant further objects that this Interrogatory seeks information that is irrelevant to the allegations leveled by Plaintiff in this case, and which is extremely confidential and proprietary.  Defendant further objects to the extent this Interrogatory seeks information beyond that involved directly in the alleged attempt to collect debt(s) owed by Plaintiff as irrelevant and overly broad.  Defendant will produce responsive, non-privileged, non-work product documents pursuant to its responses to Plaintiff's document requests.

**INTERROGATORY NO. 11**:  Identify and describe each communication, or attempted communication, between the Defendants with the Plaintiff, or any other person, which was made in connection with the collection of Plaintiffs debt, by stating the following: a. The name of the individual initiating communication; b. The name of the person and/or description of the person to whom the communication was directed; c. The date and time of the communication; d. The method of the communication (e.g. letter, phone call, in-person); e. A detailed description of the substance of the communication, (do not simply refer to collection notes); f. Identification of all witnesses to or participants in the communication; and, g. Any actions taken by any Defendant as a result of the communication.

**ANSWER**:  Defendant is unaware of any communication "between the Defendants with the Plaintiff, or any other person, which was made in connection with the collection of Plaintiff's debt."

**INTERROGATORY NO. 12**:  Identify by name, position, home address, home telephone number, business address, business telephone number, all witnesses that Defendants intend to call or may call to testify at trial, and provide a detailed summary of the expected testimony of each such person.

**ANSWER**:  Defendant objects that this Interrogatory necessarily seeks to penetrate information protected by the work product doctrine.  In any event, no such witnesses have yet been identified.

**INTERROGATORY NO. 13**:  Identify and describe specifically all exhibits Defendants may introduce at the trial of this matter. (Alternatively, you may respond by supplying copies of each such exhibit and marking them as responsive to this interrogatory.)

**ANSWER**:  Defendant objects that this Interrogatory necessarily seeks to penetrate information protected by the work product doctrine.  In any event, no such exhibits have yet been identified.

**INTERROGATORY NO. 14**:  Identify the name, telephone extension numbers, collector number, long distance access codes, long distance calling card brands and numbers, and personal and/or business cellular phone numbers of each Defendant or other person whom is or was employed by Defendants to collect the alleged debt of the Plaintiff(s) in this case, for a period of THREE (3) YEARS before the date of this request to the present.

**ANSWER**:  Defendant objects that this Interrogatory seeks information protected by the attorney client privilege and the work product doctrine.  Defendant further objects that this Interrogatory seeks information that is irrelevant to the allegations leveled by Plaintiff in this case, and which is extremely confidential and proprietary.  Defendant further objects to the extent this Interrogatory seeks information beyond that involved directly in the alleged attempt to collect debt(s) owed by Plaintiff as irrelevant and overly broad; the first communication about

which the Plaintiff complains is near the end of September, 2011, just six months ago, and the

Plaintiff alleges just three offending communications *in toto*.

**INTERROGATORY NO. 15**: Identify all documents, reports, spreadsheets, or other
data of any kind summarizing, detailing, or tracking the telephone number, quantity, frequency,
date, time and/or instance of any attempt by Defendant(s) to contact Plaintiff(s) by telephone or
otherwise, along with the physical location and identify and telephone number of the custodian
of such records, regardless of whether or not such attempted or successful contact was initiated
by Defendant(s) or other service providers.

**ANSWER**:   Responsive, non-privileged, non-work product documents will be produced

in response to Plaintiff's document requests.

**INTERROGATORY NO. 16**: State whether or not the Defendant has access to the
PACER System employed by the Federal Bankruptcy courts and if so identify and attach all
documents related to the terms and conditions under which the Defendant uses this system.

**ANSWER**:   Like every other person or entity that wants to pay for the service and go

through the registration procedures, Defendant has access to the PACER system used by the

federal bankruptcy courts.  The "terms and conditions under which the Defendant uses this

system" are those dictated by the federal bankruptcy courts, which are as available to Plaintiff as

they are to Defendant.

**INTERROGATORY NO. 17**: Identify and describe all consumer credit reports obtained
by Defendant(s) for Plaintiff, along with the date of such report and its original source. You may
attach copies of each such credit report as responsive to this interrogatory.

**ANSWER**:   None.

**INTERROGATORY NO. 18**:  Identify all lawsuits brought against Defendant at any
time arising out its collection or attempted collection activities, and for any reason, in the period
THREE (3) YEARS before the date of this request to the present, by supplying the correct legal
caption, the court file number, the jurisdiction, the date of filing, and the final disposition or
current status.

**ANSWER**:   Defendant objects that this Interrogatory is irrelevant and overburdensome.

Whether and to what extent Defendant, a law firm, has been the subject of another lawsuit

directed against it is not relevant to any claim being made by Plaintiff in this lawsuit, nor is it

relevant to the counterclaim or and defenses raised by Defendant.

**INTERROGATORY NO. 19**: Identify all legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, Better Business Bureau, Commerce Department, or other regulatory complaints made against Defendants or their collection employees at any time arising out its collection or attempted collection activities, and for any reason, in the period THREE (3) YEARS before the date of this request to the present, by supplying the correct caption (if any), the name(s) of the complaining party, the file number, the jurisdiction, the date of filing, and the final disposition or current status of the claim, complaint or proceeding.

**ANSWER**:  Defendant objects that this Interrogatory is irrelevant and overburdensome.

Whether and to what extent Defendant, a law firm, has been the subject of another lawsuit

directed against it is not relevant to any claim being made by Plaintiff in this lawsuit, nor is it

relevant to the counterclaim or and defenses raised by Defendant.

**INTERROGATORY NO. 20**:  Identify all facts which serve to substantiate your claim that Plaintiff's Complaint is part of a scheme to tortiously interfere with Defendant's ability to carry out its business in collecting debts on behalf of clients.

**ANSWER**:  Defendant objects that this Interrogatory is overbroad and unduly

burdensome given that it seeks "all facts which serve to substantiate your claim." *See* Judge Paul

W. Grimm, Paul M. Sandler, Esq., and Charles S. Flax, Esq., *Maryland Discovery Problems and*

*Solutions*, (2008), pg. 11.  Without waiving that objection, and premised upon Plaintiff's

acceptance of Defendant's reservation of the right to raise this objection in any further

proceedings associated with these discovery responses, Defendant states the following:  The

allegations of the Complaint are false in many places and inaccurate in others.  Plaintiff filed for

bankruptcy in May, 2011.  Plaintiff listed its debt to Capital One on its report of creditors, but

provided the wrong address for Capital One, so it never received notice of Plaintiff's bankruptcy

filing.  That error is glaringly apparent on the face of Plaintiff's Complaint.  Plaintiff does not

allege, and cannot allege, that Defendant, the law firm representing Capital One and never the recipient of any notice, knew that the debt had been discharged through bankruptcy. Defendant, as a law firm acting on behalf of its client and without knowledge of the fact that the debt had been discharged, cannot be held liable for violations of the FDCPA. In an identical lawsuit filed simultaneously, where the Plaintiff was represented by the same law firm, captioned *Hassan v. Peroutka & Peroutka, P.A.., et. al*, Case No. 1:11-cv-03094-RWT, the plaintiff in that case likewise sued under circumstances where the allegations are without foundation in law or fact. Upon information and belief, Plaintiff, being used by and on behalf of its law firm, intentionally initiated this groundless lawsuit, and an identical lawsuit captioned *Hassan v. Peroutka & Peroutka, P.A.., et. al*, Case No. 1:11-cv-03094-RWT, as part of a scheme to tortiously interfere with Defendant's ability to carry out its business in collecting debts on behalf of clients, and to permit Plaintiff's principal, Rowe Barnett, PLLC, to unfairly disparage and disadvantage its competitor, Peroutka.

**INTERROGATORY NO. 21**: Identify all facts that support your allegation that Plaintiff serves as an agent of Rowe Barnett, PLLC.

**ANSWER**: *See* Answer to Interrogatory No. 20. In addition, Defendant represented Pasadena Receivables, Inc. in 14 cases during the last year where the debtors were represented in bankruptcy proceedings by Plaintiff's law firm. Of those 14 cases, Pasadena Receivables was not listed as a creditor in the bankruptcy proceedings in 12 cases (86%), and Pasadena Receivables was not listed as a creditor in 10 of the cases where the plaintiff filed a master mailing matrix with the bankruptcy court, reflecting a conscious decision on the part of the representative of those plaintiffs, the same firm representing Plaintiff in this case, to try to create FDCPA and other defenses where none otherwise exist. A similar pattern exists with respect to other clients represented by Defendant.

**INTERROGATORY NO. 22**:  Identify all facts that support your allegation that undersigned counsel is a "competitor" of Defendant.

**ANSWER**:  In this and every other case where Plaintiff's representatives are opposite Defendant, they are competing in the judicial arena on behalf of their respective clients.

**INTERROGATORY NO. 23**:  Identify all facts that support your allegation that Plaintiff's Complaint was filed with the unlawful and improper purpose of causing damage to Defendant in its business.

**ANSWER**:  Defendant objects that this Interrogatory is overbroad and unduly burdensome given that it seeks "all facts which serve to substantiate your claim." *See* Judge Paul W. Grimm, Paul M. Sandler, Esq., and Charles S. Flax, Esq., *Maryland Discovery Problems and Solutions*, (2008), pg. 11.  *See* Answers to Interrogatory Nos. 20 and 21.

**INTERROGATORY NO. 24**:  Identify all facts or case law that support your contention that Defendant's ignorance of Plaintiff's bankruptcy would shield it from liability for violations of the Fair Debt Collection Practices Act.

**ANSWER**:  Defendant objects that Defendant is not obligated by the Federal Rules of Procedure to do research for Plaintiff, and that that this Interrogatory is overbroad and unduly burdensome given that it seeks "all facts which serve to substantiate your claim." *See* Judge Paul W. Grimm, Paul M. Sandler, Esq., and Charles S. Flax, Esq., *Maryland Discovery Problems and Solutions*, (2008), pg. 11.  *See* Answers to Interrogatory Nos. 20 and 21.

**INTERROGATORY NO. 25**:  Identify all facts that support the contention in your Affirmative Defense that Defendant's violation resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**ANSWER**:  Defendant objects that this Interrogatory is overbroad and unduly burdensome given that it seeks "all facts which serve to substantiate your claim." *See* Judge Paul W. Grimm, Paul M. Sandler, Esq., and Charles S. Flax, Esq., *Maryland Discovery Problems and Solutions*, (2008), pg. 11.  *See* Answers to Interrogatory Nos. 9, 20, and 21.

I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information, and belief.

PEROUTKA & PEROUTKA, P.A.

_4-2-12_
Date

By: _____
Shawn Kennedy, Collections Manager

AS TO OBJECTIONS:

_____
Francis R. Laws (Bar No. 02596)
flaws@tandllaw.com
Julia A. Carolan (Bar No. 28461)
jcarolan@tandllaw.com
THOMAS & LIBOWITZ, P.A.
100 Light Street, Suite 1100
Baltimore, Maryland 21202-1053
Phone:  (410) 752-2468
Fax:     (410) 752-0979

*Attorneys for Defendant*
*Peroutka & Peroutka, P.A.*