# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| SHADI HASSAN | * | |
| Plaintiff/Counter-Defendant | * | |
| v. | * | CASE NO. 8:11-cv-03094-RWT |
| PASADENA RECEIVABLES INC. | * | (Consolidated Cases) |
| Defendant | * | |
| and | * | |
| PEROUTKA & PEROUTKA, P.A. | * | |
| Defendant/Counter-Plaintiff | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF DEFENDANTS PASADENA RECEIVABLES INC. AND PEROUTKA & PEROUTKA, P.A. OF FILING REPLACEMENT EXHIBIT**

Defendant Pasadena Receivables, Inc. ("PRI") and Defendant/Counter-Plaintiff Peroutka & Peroutka, P.A. ("Peroutka" and collectively "Defendants") by counsel, and pursuant to the Federal Rules, state as follows.

1. On August 16, 2012, Defendants filed a Motion for Summary Judgment (Doc. No. 34) with Supporting Memorandum and accompanying exhibits ("Defendants' Motion").

2. Attached as Exhibit 1 to Defendants' Motion was an unexecuted, but true and correct copy of an Affidavit of Shawn Kennedy, firm manager at Peroutka. (Doc. No. 34-3).

3. Since the filing of Defendants' Motion, Defendants have acquired a signed, true and correct copy of the Affidavit of Shawn Kennedy, which is attached hereto.

4. Defendants request this Honorable Court to replace the attached executed copy of the Affidavit of Shawn Kennedy as Exhibit 1 with the one that was attached to Defendants' Motion.

WHEREFORE, Defendant Pasadena Receivables, Inc. and Defendant/Counter-Plaintiff Peroutka & Peroutka, P.A. respectfully request to replace the attached executed copy of the Affidavit of Shawn Kennedy as Exhibit 1 with the unsigned copy that was attached to Defendants' Motion.

              Respectfully submitted,

                /s/
              Francis R. Laws (Bar No. 02596)
              flaws@tandllaw.com
              Julia A. Carolan (Bar No. 28461)
              jcarolan@tandllaw.com
              THOMAS & LIBOWITZ, P.A.
              100 Light Street, Suite 1100
              Baltimore, Maryland 21202-1053
              Phone:  (410) 752-2468
              Fax: (410) 752-0979

              *Attorneys for Defendant Pasadena Receivables*
              *Inc. and Defendant/Counter-Plaintiff*
              *Peroutka & Peroutka, P.A.*

**<u>CERTIFICATE OF SERVICE</u>**

A copy of the foregoing was filed electronically this 17th day of August 2012.  Notice of the filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                /s/
              Francis R. Laws

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Southern Division)

| | | |
|---|---|---|
| **SHADI HASSAN** | * | |
| Plaintiff/Counter-Defendant | * | |
| v. | * | CASE NO. 1:11-cv-03094-RWT |
| **PASADENA RECEIVABLES INC.** | * | (Consolidated Cases) |
| Defendant | * | |
| and | * | |
| **PEROUTKA & PEROUTKA, P.A.** | * | |
| Defendant/Counter-Plaintiff | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT OF SHAWN KENNEDY

1. I operate as the firm manager and collection manager for the law firm of Peroutka & Peroutka, P.A. ("Peroutka") located in Pasadena, Maryland. I have held this position since approximately 1997. I have been employed by Peroutka since 1989.

2. Peroutka is a law firm which practices primarily in the area of servicing and collecting debt.

3. Defendant Pasadena Receivables, Inc. ("PRI") is a client of Peroutka. PRI is a passive debt buyer, purchasing defaulted debt and then immediately placing its accounts with Peroutka, which performs all collection activity and account management, including the implementation of procedures necessary to avoid collection activity where a bankruptcy case has been initiated. I am familiar with the manner in which PRI handles accounts and manages

1

information. PRI's policy and procedure is to immediately provide to Peroutka any additional information received on an account, including information regarding filing of bankruptcy.

4. My duties at Peroutka include supervising collection activity that is carried out by non-lawyers, supervising and providing some of the collection law training for non-lawyer employees, working in conjunction with the legal staff of Peroutka, and addressing a variety of issues that arise with respect to specific accounts.

5. Peroutka maintains records on collection activity in electronic form. I have reviewed entries on Plaintiff Hassan's account and can testify to the contents of Peroutka's records based upon my personal review of those records.

6. PRI electronically placed Hassan's account with Peroutka on June 11, 2009.

7. As of the time of placement, the total outstanding sum on the account was $616.84. Additional interest and fees accrued following placement.

8. Hassan's account was "scrubbed" on June 17, 2009 and no bankruptcy was detected. In my deposition, I mistakenly stated that the account was scrubbed on June 12, 2009. This misstatement was an unintentional error.

9. Peroutka relied upon Hassan and his counsel to notify Peroutka if a bankruptcy is subsequently filed after the initial "scrub" was performed by Peroutka.

10. Peroutka attempted to reach Hassan at the number that had been provided with the account, (301)916-8882, but was unable to do so. Calls were made on June 17, 23, 24, 25 and July 1, 2009. The calls were machine-dialed calls that played recorded messages. On the final call, made on July 1, 2009, Hassan did not answer the call. On July 1, 2009, an individual who was not Hassan answered and advised that the number was a wrong number, and Peroutka never called that number again.

11. After the July 1, 2009 telephone call, Peroutka made no further telephone calls to reach the debtor Hassan. Peroutka had only one telephone number for Hassan and that number was determined to be inaccurate as of July 1, 2009. That telephone number was deleted from Peroutka's telephone number information field on July 1, 2009.

12. No calls were made at any time after July 1, 2009. Specifically, no calls were made in 2011.

13. Peroutka sent three collection letters to Hassan in 2009, a June 12, 2009 letter advising that PRI had acquired the Credit One debt, a July 13, 2009 letter offering to settle the matter at a 50% value, and an August 17, 2009 letter advising that the unpaid debt would be reported to a credit reporting agency.

14. Each letter was mailed to Hassan at "12537 Cross Ridge Way, Germantown, MD 20874-1549." The first (June 12, 2009) letter indicated that the "original creditor" was "MHC Receivables, LLC d/b/a Creditone." Peroutka and PRI used this mailing address because this was the address provided with the original account transmitted from Credit One.

15. The 2009 letters to Hassan were not returned to Peroutka. It is Peroutka's practice to document any returned mail in the individual account record.

16. On September 1, 2009, Peroutka sent electronic notice to Equifax, one of the three credit reporting agencies, advising that the debt owed by Hassan to PRI was in collection. I am familiar with the format of Equifax credit reports. The PRI debt would have appeared as a debt that was "in collection" on Hassan's Equifax credit report.

17. Peroutka does not possess a "historic" copy of Hassan's Equifax report that would show this entry. Peroutka is now not able to obtain a copy of Hassan's Equifax credit report.

18. Hassan has never produced any credit report from either of the three major credit reporting agencies (Equifax, Experian or Transunion) in this litigation. The document that he produced late in this litigation and which he apparently claims to be a "credit report" is not a "credit report," as that term is used in the collection industry. A similar document was produced in the Sung case, and that document also is not a "credit report."

19. Peroutka received electronic notice from High Cotton, an entity with which Peroutka contracts to send automatic mailings to debtors, that High Cotton had sent "FTC" privacy notices (required by the Gramm-Leach-Bliley Act of 1999) on behalf of PRI to Hassan on March 23, 2010 and July 6, 2011. These notices were mailed to the only address that Peroutka had for Hassan, the Cross Ridge Way address, and they also were not returned.

20. Peroutka (through High Cotton) sent a letter on November 8, 2010 offering a reduced settlement (25%) of the matter. Peroutka sent an October 17, 2011 letter offering a reduced settlement (at 25%) of the matter to Hassan. Both letters were sent to Hassan at the Cross Ridge Way address and were not returned.

21. All letters and notices sent to Hassan were mailed according to Peroutka's standard operating practices (including using its third party mailer, High Cotton, as to three pieces of correspondence), and none of the letters or notices were returned to Peroutka. If one of the pieces of correspondence sent to Hassan at the Cross Ridge Way address had been returned to Peroutka due to a bad address, Peroutka would have ceased using the address for mailings to Hassan and would have removed that address from its database.

22. Neither PRI nor Peroutka ever received notice from Credit One that Hassan had filed bankruptcy.

4

23. Peroutka and PRI received no notice from Hassan or his counsel objecting to the October 17, 2011 letter until notice of this suit was received on November 3, 2011.

24. Upon receipt of this suit, Peroutka and PRI immediately ceased any attempt to contact Hassan.

25. Based upon Peroutka's review of its records, as to approximately ten (10) other similarly-situated debtors (where the debtor owed a debt that had been sold to PRI that was being collected by Peroutka, and where the debtor clearly had actual notice of the assignment to PRI and the involvement of Peroutka) whose bankruptcies were filed by Rowe Barnett LLC, the names of Peroutka and/or PRI were omitted from the bankruptcy matrix and/or schedules.

**IN ACCORDANCE WITH 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT.**

August 16, 2012

_____
Shawn Kennedy