**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| SHADI HASSAN, et al. )<br>)<br>Plaintiffs ) <br>)<br>v. )<br>)<br>PEROUTKA & PEROUTKA, P.A., et al. )<br>)<br>Defendants ) | Case No. 8:11-cv-03094-RWT |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Shadi Hassan submits this memorandum of law in support of his opposition to Defendants' Motion for Summary Judgment.

## I.   UNDISPUTED FACTS

In or around 2005, Plaintiff opened a credit card issued by Credit One Bank. After a period of time, Plaintiff ceased making payments on this debt and it was eventually charged off in 2006. On or about April 29, 2011, Plaintiff filed for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland, Case No. 11-19009. In preparing the schedules, Plaintiff pulled his credit report and used this information to enumerate his creditors; Plaintiff's credit report included Credit One Bank, but not either Defendant. A copy of Plaintiff's redacted credit report is attached as **Exhibit A**. On or about May 4, 2011, the Clerk of the Bankruptcy Court certified notice had been sent to Credit One. Plaintiff's obligation to Credit One was discharged pursuant to court order on August 10, 2011.

At some point during this time period, this debt was purchased by Defendant Pasadena Receivables, Inc. ("PRI") and then placed with Defendant Peroutka & Peroutka, P.A. ("P&P). On or about October 18, 2011, Defendant P&P mailed a collection letter to Plaintiff.

II.     ARGUMENT

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Moreover, a "party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). Accordingly, while the court should "view the evidence in the light most favorable to…the nonmovant, and draw all reasonable inferences in her favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644–45 (4th Cir. 2002), it must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat,* 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

This Court has stated that in order for Plaintiff to make a successful claim under the FDCPA, he must show that (1) the Plaintiff has been the object of collection activity arising from consumer debt; (2) The defendant is a debtor collector as defined by the FDCPA, and (3) The defendant has engaged in an act or omission prohibited by the FDCPA. *Awah v. Donaty*, 2009 U.S. Dist. LEXIS 103077 (D. Md. Nov. 4, 2009) (quoting *Dikun v. Streich*, 369 F. Supp. 2d 781 (E.D. Va. 2005)). The FDCPA is liberally construed in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Financial Systems, Inc.*, 839 F. Supp. 941, 944 (D. Conn. 1993).

a.     *Plaintiff was the Object of Collection of Consumer Debt*

A consumer "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has

been reduced to judgment." 15 U.S.C. 1692a(5). The "debt" in question here is a personal credit card opened by Plaintiff for the purpose of purchasing everyday needs. (Hassan Dep. 14:16). It is undisputed that this is a consumer debt.

b.     *Defendant is a Debt Collector*

A "debt collector" is "any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Defendants admit to being a debt collector. (D Answer ¶ 6).

c.     *The defendant has engaged in an act or omission prohibited by the FDCPA*

    *i. Violation of 15 U.S.C. § 1692e is clear*

A Court in this district has adopted the holding of the Court of Appeals for the 7th Circuit that, "A demand or immediate payment while a debtor is in bankruptcy or (after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay or the discharge injunction, it is not." *Gamble v. Fradkin & Weber, P.A.*, 2012 U.S. Dist. LEXIS 4410 (D. Md. Jan. 13, 2012)(quoting *Randolph v. IMBS Inc. et al*, 368 F.3d 726 (7th Cir. 2004)). Here, Defendants admitted to attempting to collect on a debt that Plaintiff had included in his bankruptcy.

Defendants attempt to disclaim liability by asserting that the error was unintentional as they had no knowledge of Plaintiff's bankruptcy. However, the FDCPA is a strict liability statute and proof of only one violation is sufficient to support judgment for plaintiff. *Spencer v. Hendersen-Webb, Inc.*, 81 F. Supp.2d 582, 590-91 (D. Md. 1999).

As the FDCPA is a strict liability statute, the violation need not be deliberate, reckless, or even negligent to trigger liability. *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365 (4th Cir. N.C. 2012); *See also Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007). Indeed this Court has

held that the fact that a collector did not know of a Plaintiff's bankruptcy when demanding payment does not affect whether the former's conduct was a false representation under the Act. *Gamble* at 10.

*ii. Summary Judgment is Inappropriate as to Violations of 15 U.S.C. § 1692b(2), c(b)*

The entry of summary judgment is inappropriate where there exists a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986). Substantive law defines which facts are material and only disputes over fact that might affect the outcome of the case will defeat summary judgment. *Id.* at 248. A factual dispute is genuine if a "reasonable jury could return a verdict for the non-moving party." *Id.*

In addition to the Act's stated purpose of protecting the debtor himself, the Act also regulates a debt collector's communications with third parties. *Cozmyk v. Prompt Recovery Servs.*, 2012 U.S. Dist. LEXIS 46544 (S.D. W. Va. Mar. 30, 2012); See also *Thomas v. Smith*, 2011 U.S. Dist. LEXIS 74656 (D. Md. July 12, 2011). In his complaint, and at deposition, Plaintiff asserts that Defendant P&P repeatedly contacted his mother, Hind Hassan, to collect on a debt discharged in his bankruptcy. (Hassan Dep. 25:13). Plaintiff alleges that during these conversations, Defendant P&P's representative asked Ms. Hassan to have Plaintiff contact Defendant about these debts. (Hassan Dep. 25:20-26:12). Ms. Hassan corroborates these allegations in her affidavit which is attached as **Exhibit B**.

11 U.S.C. §§ 1692b and 1692c(b) generally prohibit communications from debt collectors "with any person other than the consumer for the purpose of acquiring location information about the consumer." *Id.* When interpreting a statute, a court must "give the terms their 'ordinary, contemporary, common meaning, absent an indication Congress intended [them] to bear some different import.'" *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 137 (4th Cir. 2009). This court must give the phrase "any debt collector communicating with any person other than the consumer" its plain and ordinary meaning. See *Aziz v. Alcolac, Inc.* 658 F.3d 388, 392 (4th Cir. 2011).

With regard to a debt collector's communications with third parties, the FDCPA prohibits a debt collector from communicating "in connection with the collection of any debt" with third parties other than

the ones specifically listed in § 1692c(b) except as otherwise provided in the statute. 15 U.S.C. § 1692c(b). The FDCPA does permit a debt collector to communicate with third parties **only** "for the purpose of acquiring location information about the consumer," and it restricts what the debt collector may reveal during these communications. 15 U.S.C. § 1692b. Additionally, the FDCPA states that debt collectors may only contact a third party to obtain location information, and only once under most circumstances. 15 U.S.C. 1692b(3).

Here, Plaintiff's mother attests that Defendant's employees contacted her multiple times asking her to coerce Plaintiff to contact Defendants. This occurred even after she stated that Plaintiff did not live with her and demanded that Defendants not call her phone number again. Defendants were clearly going beyond obtaining location information when they asked Plaintiff's mother to get in contact with Plaintiff regarding the debt. Despite her clear instructions to the contrary, Defendants again contacted Plaintiff's mother less than a week later, interrogating her about Plaintiff and his ability to pay on a [discharged] debt.

Here, Defendant P&P has repeatedly asserted that it did not contact Plaintiff's mother and that it made no calls to Plaintiff after 2009. Both Plaintiff and his mother dispute this allegation. In the attached affidavit, Ms. Hassan attests that Defendants contacted her twice in October of 2011. In light of this conflicting information, there is a material dispute of fact over whether or not Defendant called Plaintiff's mother on the dates set forth in the Complaint – accordingly summary judgment is inappropriate as to Defendant P&P's violation of § 1692(c) and 1692b(c).

> d. *Summary Judgment is Inappropriate as to Defendant's Reliance on the Bona Fide Error*

This Court has repeatedly held that the only defense to liability under the FDCPA is provided in § 1692k(c), which states a debt collector is not liable if a violation is both unintentional and the result of "a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. *Id.* The purpose of the FDCPA is to impose an affirmative obligation on the debt collection industry to maintain procedures designed to avoid discoverable errors. *Reichert v. Nat'l Credit Sys.*, 531

F.3d 1002 (9th Cir. Ariz. 2008). Accordingly, and common sense would dictate, there is a bona fide error exception which justifiably exempts from liability only those debt collectors who have unintentionally violated the Act in spite of their "maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). The burden is on the debt collector to prove this affirmative defense. *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 375 (4th Cir. N.C. 2012) (quoting *Johnson v. Riddle*, 305 F.3d 1107, 1121 (10th Cir. 2002)).

Here, it is undisputed that Defendants attempted to collect from Plaintiff a debt that had been included in his bankruptcy. Defendants Answer.  It is undisputed that these collection attempts are false statements prohibited by the FDCPA pursuant to 15 U.S.C. § 1692e(2)(A). ). Here, Defendants conduct should not qualify for the bona fide error defense as they have failed to implement any such preventative measures; their alleged "procedures" are neither reasonable nor effective as they have failed to prevent the instant violation and will not prevent future violations from recurring.

Here, Defendant's corporate representative testified that it only screens accounts for bankruptcy upon initial receipt from the client/creditor. (Kennedy Dep. 23:6-23:23). The corporate representative also stated that no subsequent review of the account is performed. (Kennedy Dep. 28:6-28:10). Defendant PRI states in its discovery responses that Plaintiff's account was placed with Defendant P&P on or about June 12, 2011. *Interrogatory to PRI #11.*  In contrast, Defendant P&P maintains that the account was placed with them on June 11, 2009. *Interrogatory to P&P #11*. Accordingly there is a dispute of material fact as the date P&P received the account is determinative as to whether their procedures are effective. If Defendant PRI's allegations are true, and the account was placed with Defendant PRI in June of 2011, Plaintiff's bankruptcy would have been revealed by a bankruptcy scrub as it was filed in April of 2011. As there is a dispute of material fact, summary judgment is not appropriate as to Defendant's claim of *bona fide error*.

Alternatively, even if this Court were to accept Defendant P&P's version of the dates in question, its scrubbing of accounts only upon initial receipt is wholly insufficient to qualify as a reasonable procedure as contemplated by 1692k(c). According to the United States Courts website, there were

1,467,221 bankruptcies filed for the 2011 fiscal year: this means that there were approximately 4,020 bankruptcies filed daily. http://www.uscourts.gov/News/NewsView/11-11-07/Bankruptcy_Filings_Down_in_Fiscal_Year_2011.aspx. Given that debtors with accounts that are in collections are more likely to file bankruptcy than debtors who are current and approximately 733,610 new bankruptcies had been filed over 6 months, Defendant P&P's failure to make any additional inquiries after **2 years** is completely unreasonable.

In measuring whether a Defendant's procedures are sufficiently reasonable, the Court may take into consideration the likely harm caused by the violation versus the cost of implementing further procedures. *Ross v. RJM Acquisitions Funding LLC,* 480 F.3d 493, 497 (7th Cir. Ill. 2007). Here, running an additional PACER search prior to filing suit against a debtor would cost Defendant approximately ten cents ($0.10); this amount is dwarfed by the emotional distress suffered by the bankruptcy debtor when he or she is sued for a debt after he or she had been promised a fresh start. Therefore, Defendant should not be availed of the bona fide error exception pursuant to 1692k(c) as it has failed to put into place procedures that are reasonably adapted to prevent a repeat of this particular violation.

Even if this Court were to countenance Defendant's assertion that it had reasonable procedures in place, this Court has also held that where the error occurs routinely, the procedures would be found "woefully inadequate". *Spencer*, 81 F. Supp. at 592. It was undisputed that Defendant P&P instituted a collection lawsuit against former co-plaintiff Austin Sung for a debt that had been discharged by his bankruptcy. Accordingly, the Defendants in the instant case have not enacted the safeguards contemplated by the FDCPA and should therefore be precluded from asserting the bona fide error defense.

*e. Estoppel*

Additionally, Defendant alleges that they are not liable under the FDCPA because Plaintiff is barred by estoppel as he did not list Defendants on his bankruptcy schedules. As mentioned above, the *only* defense to liability under the FDCPA is the bona fide error exception. *Gamble* at 10. The text of the

statute contemplates only two affirmative defenses to liability: statute of limitations 15 U.S.C. § 1692k(d) and the bona fide error defense pursuant to 15 U.S.C. § 1692k(c).

Additionally, both the 11th Circuit and the 7th Circuit, (the latter applying logic propounded by the 4th Circuit), held that a damages action under the FDCPA sounds basically in tort and, therefore, is akin to an action brought at common law. The 11th Circuit went further and stated

> [T]he thrust of the Fair Debt Collection Practices Act is prevention of harassment and abuse as well as false, deceptive or misleading practices. It clearly falls into a traditional tort area analogous to a number of traditional torts. The relief sought is money damages-the traditional form of relief offered in the courts of law. Indeed, equitable relief is not [even] available to an individual under the civil liability section of the Act.

*Sibley*, 677 F. 2d at 834.

As equitable relief is not an option under the FDCPA, equitable defenses such as estoppel are not applicable; one Court event went as far as referring to these equitable affirmative defenses as "frivolous." *In re Curtis*, 322 B.R. 470, 476, 476 n. 8 (Bankr. D. Mass. 2005)

*f. Preemption of the FDCPA by the Bankruptcy Code*

Defendants cite to *Walls v. Wells Fargo*, 276 F.3d 502, 510 (9th Cir. 2002), for the assertion that the U.S. Bankruptcy Code preempts the FDCPA. In contrast, the U.S. Supreme Court held in *Carcieri v. Salazar*, 555 U.S. 379 (2009), quoting *Branch v. Smith*, 538 U.S. 254 (2003), that "We have repeatedly stated ... that absent 'a clearly expressed congressional intention,' ... [a]n implied repeal will only be found where provisions in two statutes are in 'irreconcilable conflict,' or where the latter Act covers the whole subject of the earlier one and 'is clearly intended as a substitute.'"

Instead, the great and clear majority of jurisdictions follow the holding in *Randolph v. IMBS*, Inc., 368 F.3d 726, 730 (C.A.7 (Ill.), 2004), which states that the Bankruptcy Code does not preempt other federal statutes such as the FDCPA. See *Gamble v. Fradkin & Weber, P.A.*, 2012 U.S. Dist. LEXIS 4410

(D. Md. Jan. 13, 2012); *In re Jones*, 2011 Bankr. LEXIS 4083 (Bankr. E.D. Va. Oct. 21, 2011); *Kline v. Mortgage Electronic Security Systems*, 659 F.Supp.2d 940 (S.D. Ohio 2009); *Alfonseca-Baez V. Doral Financial Corp.*, 2007 WL 2812779 (D. Puerto Rico, 2007); *Davis v. Farm Bureau Bank*, FSB, 2008 WL 1924247, (W.D.Tex., 2008); *Burkhalter v. Lindquist & Trudeau, Inc.*, 2005 WL 1983809, (E.D. Mo., 2005)

The Honorable Judge Easterbrook, writing for the majority in *Randolph*, held that there was no tension between the FDCPA and the Bankruptcy Code, stating "[t]he argument, rather, is one based on the operational differences between the statutes. These do not, however, add up to irreconcilable conflict; instead the two statutes overlap, and if the plaintiff shows a more serious transgression -- the willful violation to which § 362(h) refers -- then more substantial sanctions (such as punitive damages) are available. It is easy to enforce both statutes, and any debt collector can comply with both simultaneously."

| Who | Bankruptcy<br>Anyone | FDPCA<br>Debt collector only |
|---|---|---|
| Scienter | Willfulness | Stirct liability (§ 1692(e)) |
| Defense | None | Bona fide error plus due care (§ 1692k(c)), or reliance on FTC opinion (§ 1692k(e)) |
| Statutory Damages | None | $1,000 maximum (§1692k(a)(2)(A)) |
| Compensatory Damages | Yes | Yes (§1692k(a)(1)) |
| Punitive Damages | Yes | No |
| Cap on Class Recovery | No | Yes (§1692K(A)(2)(B)(ii)) |
| Maximum Recovery | No | Yes, $500,000 or 1% of net worth, whichever is less (§1692k(a)(2)(B)(ii)) |
| Attorney's fees to creditor | No | Yes (§1692k(a)(3)) |
| Attorney's fees to creditor | No | Yes (§ 1692k(a)(3)) |
| Statute of limitations | None (laches defense only) | One year(§1692k(d)) |

The above chart included with the *Randolph* opinion is illustrative of the difference focuses of the FDCPA and the Bankruptcy Code and makes clear that they neither overlap nor contradict each either. Accordingly this Court should follow the *Randolph* line of cases, which find no irreconcilable conflict between the FDCPA and the Bankruptcy Code, and hold that Plaintiff is not "limited" to remedies under the Bankruptcy Code.

### III. CONCLUSION

Defendants do not dispute that they are debt collectors that attempted to collect on a consumer debt previously owed by Plaintiff. Defendants' collection attempts for a debt that was protected by the bankruptcy discharge is a violation of the FDCPA, specifically 15 U.S.C. 1692e(2)(a). However, there lie material disputes as to facts that would be determinative to the outcome of this case; namely a) the date Defendant P&P allegedly screened Plaintiff's bankruptcy and b) whether Defendant P&P contacted Plaintiff's mother in October 2011, in violation of 15 U.S.C. §§ 1692c and 1692b(c). Accordingly, this Court should deny summary judgment on all issues.

Respectfully submitted this 14th day of September, 2012

**/s/ Robinson S. Rowe**
Robinson S. Rowe, Bar No. 27752
ROWE BARNETT, PLLC
5906 Hubbard Dr.
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
interoffice@rowepllc.com